PEOPLE *v.* CHEEVER.

1. JUSTICES OF THE PEACE—DUE PROCESS—JURY TRIAL—FEE COMPENSATION.

Defendant, charged with illegally parking a motor vehicle under a city ordinance *held,* not denied due process of law by reason of having been denied a fair trial because tried in a court of a justice of the peace whose compensation for official duties was derived from fees including a fee of 60 cents for commitment or mittimus, 60 cents for certificate of conviction, and $2 for making and filing return on appeal, where trial was had before a jury which convicted him, the jury in such court being the judge of both the law and the facts (US Const, Am 14; Mich Const 1908, art 2, § 16; CLS 1956, § 775.2, as amended by PA 1960, No 49).

2. SAME—JURY TRIAL—COMPENSATION.

The method of remuneration of a justice of the peace in a criminal case can have no direct bearing upon the fairness of a trial by jury in such court as the jury in such court is the judge of both the law and the facts (US Const, Am 14; Mich Const 1908, art 2, § 16).

Appeal from Allegan; Smith (Raymond L.), J. Submitted October 5, 1963. (Calendar No. 82, Docket No. 49,526.) Decided May 9, 1963.

Dwight M. Cheever was convicted of illegally parking his automobile in violation of an ordinance of the city of Otsego. Affirmed.

*Morris, Culver & Rooney (William H. Culver,* of counsel), for city of Otsego.

*Dwight M. Cheever, in propria persona.*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 31 Am Jur, Justices of the Peace § 33 (Supp).

KAVANAGH, J. Defendant was charged with illegally parking a motor vehicle under the ordinances of the city of Otsego. The criminal warrant was issued by a duly elected justice of the peace of the city of Otsego, Allegan county, Michigan. On his appearance, the defendant stood mute, and a plea of not guilty was entered in his behalf.

Defendant filed a written motion to dismiss the complaint and warrant for the reason that defendant's right to a fair and impartial trial before a disinterested court, as guaranteed by article 2, § 16, of the Constitution of the State of Michigan (1908) and the Fourteenth Amendment to the Constitution of the United States, will be denied him if he is tried before a justice of the peace who is compensated by a fee for each of certain official acts. Defendant's motion was denied.

The case was tried by a 6-man jury. The jury returned a verdict of "guilty as charged."

Defendant appealed by way of certiorari to the circuit court for the county of Allegan. Following argument and submission of briefs, the trial court entered a written opinion sustaining the conviction.

Defendant is here on leave granted raising 2 questions, which are consolidated for the purpose of this decision as follows:

Was defendant's right to a fair and impartial trial before a disinterested court, which right is guaranteed to him by article 2, § 16 of the Constitution of the State of Michigan (1908) and the Fourteenth Amendment to the Constitution of the United States, denied him by being tried before a justice of the peace who is compensated by a fee for each of certain official acts?

It is defendant's contention that due process of law requires essential fairness and justice in judicial proceedings; that in its procedural aspect due process requires the hearing must be before a fair,

impartial, and competent tribunal; that under CLS 1956, § 775.2, as amended by PA 1960, No 49 (Stat Ann 1961 Cum Supp § 28.1239), justices of the peace are paid on a fee basis for each of certain acts performed in connection with criminal cases; and that among the specific fees authorized are: "for commitment or mittimus, 60 cents; * * * for certificate of conviction to file with the clerk, 60 cents; for making and filing return on appeal * *  * $2."

Defendant claims that the so-called "fee system" of paying our justices of the peace deprives that court of the independence of thought and mind so necessary to the fair judicial process. He further claims that the "fee system" creates a climate of unfairness and lends itself to temptation by the court to favor the complainant or plaintiff in order to direct business in its direction.

The trial court concluded that the personal interest of the justice court was at most an indirect one and stated it would not interfere with a system that had survived for such a length of time unless convinced the system was so inherently evil as to preclude justice even from honest men.

We conclude the "fee system" does not create such a direct, personal, substantial, or pecuniary interest that it can be said in every case the defendant would be deprived of a fair and impartial trial and his rights under the State and Federal Constitutions.

We note that the remuneration of the justice of the peace or the method of paying him in this criminal case could have had no direct bearing upon the fairness of the trial. He was tried by a jury. Juries in justice courts are the judge of both the law and the facts; therefore, whatever the result might be in a hypothetical case, in the instant case defendant was not deprived of a fair trial as guaranteed him by the State and Federal Constitutions.

The authorities cited by defendant for the judicial abolition of justice of the peace courts are instances where the personal interest of the court was so direct that it was held the judicial process was tainted. We do not find this to be true in the case before us.

Under the new State Constitution effective January 1, 1964, the question before us will not again arise.

Affirmed.

CARR, C. J., and DETHMERS, KELLY, and BLACK, JJ., concurred with KAVANAGH, J.

BLACK, J. (*concurring*). I concur. Defendant's duly demanded trial by jury has rendered moot the serious constitutional question he would have this Court decide.* As Justice KAVANAGH has written, justice court juries are judges of legal issues as well as factual issues. On this record it cannot be said that defendant was denied his constitutionally protected right to a fair and impartial trial. The so-called "fee system" is not shown as having infected the jurors, or as having entered the juryroom as an influence upon their deliberations.

SOURIS and SMITH, JJ., concurred with BLACK, J.

O'HARA, J., took no part in the decision of this case.

* See *Tumey* v. *Ohio*, 273 US 510 (47 S Ct 437, 71 L ed 749, 50 ALR 1243) and discussion thereof in *Lookholder* v. *State Highway Commissioner*, 354 Mich 28, 32.